# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

**Vinod Kumar,**
Petitioner
-vs-
**Katrina S. Kane, et al.,**
Respondents

CV-09-0401-PHX-GMS (JRI)

**REPORT & RECOMMENDATION
On Petition for Writ of Habeas Corpus
Pursuant to 28 U.S.C. § 2241**

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Eloy Detention Center, Eloy, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on February 26, 2009 (#1) challenging his continued detention pending removal proceedings.

Petitioner has been released from detention upon his removal to India, and has failed to file a notice of change of address. Accordingly, the Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On February 26, 2009, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(#1), challenging his detention without bond in the Federal detention center in Eloy, Arizona, while awaiting removal to India. Petitioner's Petition alleges that his detention is unreasonable, had been ordered without individualized consideration, and is improperly indefinite. (Petition, #1 at 4-5.)

1 | In the Notice of Assignment filed February 26, 2009 (#2), Petitioner was advised of his obligation to file a Notice of Change of Address. Similarly, the Service Order advised Petitioner that:

> Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

(Order 3/27/09, #3 at 2.)

On November 3, 2009, the undersigned entered an Order (#11) directing a supplement as to the status of Petitioner's removal process. On November 9, 2009, Petitioner's copy of that Order mailed from the Court to Petitioner was returned undeliverable with the notation that Petitioner is no longer in custody (#12).

Accordingly, on November 17, 2009, the undersigned entered an Order (#13) giving Petitioner fifteen days to show cause why the Petition should not be dismissed as moot in light of Petitioner's apparent release from custody. In addition, Petitioner was given fifteen days to either: (1) file a notice of change of address; or (2) show cause why his Petition should not be dismissed for failure to prosecute in light of his failure to file a Notice of Change of Address as previously ordered. Copies of that order were sent to Petitioner at his last known incarceration address. Petitioner's copy of that order was returned undeliverable (#13) on November 20, 2009. Petitioner has not responded.

On April 28, 2009, Respondents filed a Notice re Petitioner's Status (#14), with documents reflecting Petitioner's release upon his removal to India on or about June 10, 2009. Petitioner has not replied.

### III. APPLICATION OF LAW TO FACTS

**A. MOOTNESS OF HABEAS PETITION**

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the

- 2 -

federal courts to cases where there is a possible judicial resolution. *Id.* A moot action is not subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane v. Williams,* 455 U.S. 624 (1982). While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging immigration orders.

Here, Petitioner was released from custody on June 10, 2008, upon his removal to India. (Notice re Status, #14 at Attachments, Warrant of Removal.) Petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order. Accordingly, his release upon his removal has rendered the claims in his Petition moot. Accordingly, the Petition should be dismissed with prejudice as moot.

## B. FAILURE TO PROSECUTE

**Failure to Update Address** - Local Civil Rule 83.3(d) provides:

> An attorney or unrepresented party must file a notice of a name or address change, and an attorney must also file a notice of a change of firm name or e-mail address. The notice must be filed no later than 10 days before the effective date of the change, except that an unrepresented party who is incarcerated must submit a notice within 5 days after the effective date of the change. A separate notice must be filed in each active case.

Petitioner was twice been given specific notice (Notice of Assignment, #2; Order, #3 at 2) of his obligation to file a notice of change of address, and an Order (#13) specifically directing him to do so.

1    It is the duty of a party who has filed a *pro se* action to keep the Court apprised of his
2    or her current address and to comply with the Court's orders in a timely fashion. This Court
3    does not have an affirmative obligation to locate Petitioner. "A party, not the district court,
4    bears the burden of keeping the court apprised of any changes in his mailing address." *Carey*
5    *v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

6    Moreover, Petitioner has failed to respond to the Court's Order to Show Cause about
7    his address and the mootness of his petition. In so doing, Petitioner has failed to prosecute
8    this action.

9    "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally
10   been considered an 'inherent power,' governed not by rule or statute but by the control
11   necessarily vested in courts to manage their own affairs so as to achieve the orderly and
12   expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631 (1962).
13   "Accordingly, when circumstances make such action appropriate, a District Court may
14   dismiss a complaint for failure to prosecute even without affording notice of its intention to
15   do so or providing an adversary hearing before acting. Whether such an order can stand on
16   appeal depends not on power but on whether it was within the permissible range of the
17   court's discretion." *Id.* at 633.

18   In determining whether an abuse of discretion has occurred, a number of factors are
19   relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the
20   danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and
21   the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune*
22   *Orient Lines, Ltd.,* 811 F.2d 498, 499 (9th Cir.1987).

23   Petitioner has failed to prosecute this action, and dismissal is therefore within the
24   discretion of the Court. *Link v. Wabash R. Co., supra.* In the instant case, Petitioner appears
25   to have abandoned this action upon his release from the Detention Center. Petitioner has had
26   over a month since his release to file a notice of change of address. Further delay to the
27   Court and to Respondents is not warranted. Also, Petitioner has received adequate warning
28   of the potential of such action, and in light of Petitioner's refusal to respond to the Court, less

onerous sanctions will be ineffective.

The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. Therefore, a recommendation will be made that this matter be dismissed without prejudice.

## C. CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." However, such certificates are only required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attack a federal criminal judgment or sentence. This case arises under 28 U.S.C. § 2241, and does not attack a State court detention. Accordingly, no ruling on a certificate of appealability is required.

## IV. RECOMMENDATION AND ORDER

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed February 26, 2009 (#1) and this action be **DISMISSED WITH PREJUDICE** as moot.

**ALTERNATIVELY, IT IS RECOMMENDED** Petitioner's Petition for Writ of Habeas Corpus, filed February 26, 2009 (#1) and this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of*

*Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: December 22, 2009

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\09-0401-001r RR 09 12 07 re Dismiss HC Moot FTP NCA.wpd